The court will proceed to the eighth case of the day, United States v. Waters. Ms. Pollack. May it please the court, counsel. Elizabeth Pollack of the Federal Defender's Office on behalf of Mr. Waters. We are in a similar situation to the previous case in that there is binding precedent from this circuit, which indicates that the offense of felony domestic battery under Illinois law is in fact a crime of violence. There is also a circuit split on that point between this circuit and the second, fourth, fifth, ninth and tenth circuits, all of which have case law that states that if the element of the threat or use of force is not inherent in the statute's language, that it is not necessarily a crime of violence just because physical harm is a required element. So we recognize the existence of the precedent. We urge the court to overrule it. You know, there are other Illinois statutes which directly require the threat of imminent force, such as kidnapping, criminal sexual assault, abuse, et cetera. Since the domestic battery statute requires only that harm occur and not that the use of force is an element of that statute, we believe that it should not qualify as a crime of violence. But that being said, we understand that given the previous decisions of the circuit that it currently does. The other thing is that I know this court has entertained many appeals by both the government's concession and our office to overturn United States v. Titchener and hold that Johnson also applies to the career offender guideline as it would the residual clause of the Armed Career Criminal Act, and we simply request that that also be granted. Thank you. Thank you. Ms. Robertson. Thank you. Counsel, Your Honor, as the defendant conceded in this case, this court has repeatedly found that the Illinois domestic battery statute, which has as its element bodily harm, is a crime of violence. This court could not have been any clearer in the Upton case, the Laguerre case, and the De Leon-Castellonis case. Additionally, regarding the circuit split, most of the cases cited by the defendant were prior to Castleman, and Castleman, which was a 2014 Supreme Court case, spent a lot of time talking about the use of force, if you employ poison, if you sprinkle poison on and the like. So we don't think that even after Castleman there is that circuit split. We do think that this court was correct, especially the De Leon-Castellonis case, and we would rest on our briefs if there's no questions. Thank you. Thanks to both counsel. The case is taken under advisement.